UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JEFFREY C. ARNOW and JILL A. ARNOW,

                         Plaintiffs,            1:18-cv-00514 (BKS/TWD)

v.

OCWEN LLC,[1]

                         Defendant.

**Appearances:**

Jeffrey C. Arnow
Jill A. Arnow
Scotia, NY 12302
*Plaintiffs, pro se*

Schuyler B. Kraus, Esq.
Hinshaw & Culbertson LLP
800 Third Avenue, 13th Floor
New York, NY 10022
*Attorney for Defendant*

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

       Presently before the Court is an amended complaint filed by Plaintiffs Jeffrey C. Arnow and Jill A. Arnow on August 22, 2018. (Dkt. No. 12). Plaintiffs have alleged a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p, and a claim under New York General Business Law ("GBL") § 349, arising out of a judgment of foreclosure and foreclosure sale on their property. (*Id.*). On September 7, 2018, Defendant filed a letter motion to dismiss the amended complaint. (Dkt. No. 14). This matter was assigned to United States

---

[1] The Court assumes for purposes of this initial review that "Ocwen LLC" is Ocwen Loan Servicing LLC. (*See* Dkt. No. 9, at 1 n.1; Dkt. No. 14).

Magistrate Judge Thérèse Wiley Dancks who, on October 31, 2018, issued an Order and Report-Recommendation recommending that Plaintiffs' amended complaint be dismissed for lack of subject-matter jurisdiction, and that the pending motions—Plaintiff Jeffrey Arnow's request for a temporary restraining order and appointment of counsel, and Defendants' motion to dismiss—be denied as moot. (Dkt. No. 16). Magistrate Judge Dancks advised the parties that, under 28 U.S.C. § 636(b)(1), they had 14 days within which to file written objections to the report, and that the failure to object to the report within 14 days would preclude appellate review. (*Id.* at 11–12). No objections to the Report-Recommendation have been filed.

As no objections to the Report-Recommendation have been filed, and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Having reviewed the Report-Recommendation, the Court concurs in Magistrate Judge Dancks' determination that the *Rooker-Feldman* doctrine bars any attack on the state court judgment of foreclosure. *See Vossbrinck v. Accredited Home Lenders*, Inc., 773 F.3d 423, 427 (2d Cir. 2014); *Romaka v. H&R Block Mortg. Corp.*, No. 17-cv-7411, 2018 WL 4783979, *3, 2018 U.S. Dist. LEXIS 170190, at *8 (E.D.N.Y. Sept. 30, 2018).[2] To the extent Plaintiffs ask this Court to review and reject the allegedly "fraudulently obtained judgment of foreclosure," their claim is barred. Thus, *Rooker-Feldman* bars Plaintiffs' second cause of action under GBL § 349 seeking "damage in the form of a loss of the property at the foreclosure sale" as a result of an allegedly "fraudulently obtained judgment of foreclosure." (Dkt. No. 12 at 2).

---

[2] Copies of all unreported decisions cited in this decision will be provided to Plaintiffs.

Plaintiffs have also alleged that Defendant is a debt collector who violated the FDCPA by, *inter alia*, its involvement in arranging a foreclosure sale "on April 18, 2018 . . . knowing that a bankruptcy stay was in effect." (Dkt. No. 12, at 2). "[A] foreclosure action is an 'attempt to collect a debt' as defined by the FDCPA." *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 82 (2d Cir. 2018). Construed liberally, the amended complaint's FDCPA claim seeks damages for injuries that were caused by Defendant's alleged involvement in arranging the foreclosure sale in violation of the bankruptcy stay, not injuries caused by the judgment of foreclosure. *See, e.g.*, *Schaefer v. IC Sys., Inc.*, No. 17-cv-1920, 2018 WL 3094938, at *3, 2018 U.S. Dist. LEXIS 105011, at * (E.D.N.Y. June 22, 2018) (denying motion to dismiss FDCPA claim based on a violation of the automatic stay, where FDCPA claim was filed after the bankruptcy proceeding had ended). To the extent Plaintiffs seek damages caused by Defendant's alleged unlawful collection practices under the FDCPA, and not injuries caused by the state foreclosure judgment, their claims are not barred by *Rooker-Feldman*. *See Hines v. HSBC Bank USA*, No. 15-cv-3082, 2016 WL 5716749, at *5–6, 2016 U.S. Dist. LEXIS 141651, at *16–17 (E.D.N.Y. Sept. 30, 2016). In so ruling, the Court expresses no opinion on whether this case will withstand a dispositive motion. Defendant may supplement its pending motion in response to this decision.

With respect to Plaintiff Jeffrey Arnow's request for appointment of counsel, the Court must consider, as a threshold requirement, whether Plaintiff's claim is "likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986); *see also Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 171 (2d Cir. 1989). "If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof

presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." *Hodge*, 802 F.2d at 61–62. Moreover, the Court must be mindful that "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper*, 877 F.2d at 172. Here, any determination regarding the likely substance of Plaintiffs' remaining claim is premature in light of the pending motion to dismiss. The Court therefore denies Plaintiff's motion for appointment of counsel, without prejudice to renewal.[3]

Accordingly, for these reasons, it is

**ORDERED** that the Report-Recommendation (Dkt. No. 16) is **ADOPTED** in part and **REJECTED** in part; and it is further

**ORDERED** that Plaintiffs' second cause of action in the amended complaint (Dkt. No. 12) under GBL § 349 seeking "damage in the form of a loss of the property at the foreclosure sale" is **DISMISSED without prejudice** for lack of subject-matter jurisdiction; and it is further

**ORDERED** that the Report-Recommendation is otherwise **REJECTED**; and it is further

**ORDERED** that Plaintiff Jeffrey C. Arnow's letter motion for a temporary restraining order (Dkt. No. 6) is **DENIED**; and it is further

---

[3] In a letter motion filed on May 24, 2018, Plaintiff Jeffrey Arnow asks the Court to "grant a TRO." (Dkt. No. 6). Plaintiff says that he wishes to see "all papers and notes, assignments and deeds," apparently because Defendant lost an "assignment" of an "important note." (*Id.*). The relevance of this assertion to Plaintiffs' pending claim is unclear, and the Court notes that Plaintiffs' request would appear to be moot in light of the fact that Defendant has filed the note, the deed, and other documents concerning the foreclosure action in support of its initial motion to dismiss. (Dkt. Nos. 7-1 to -13). In any event, Plaintiff's request for the "extraordinary and drastic remedy" of injunctive relief is without merit. *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (noting that district courts may grant injunctive relief when the moving party "demonstrates (1) that he or she will suffer irreparable harm absent injunctive relief, and (2) either (a) that he or she is likely to succeed on the merits, or (b) that there are sufficiently serious questions going to the merits to make them fair ground for litigation and that the balance of the hardships tips decidedly in favor of the moving party" (internal quotation marks omitted)). Here, there is no showing of irreparable harm or a likelihood of success on the merits.

**ORDERED** that Plaintiff Jeffrey C. Arnow's second motion for appointment of counsel (Dkt. No. 15) is **DENIED without prejudice** to renewal; and it is further

**ORDERED** that Defendant may file a letter brief supplementing its letter motion to dismiss (Dkt. No. 14) by December 17, 2018; that Plaintiffs' response is due by December 27, 2018; and that any reply is due by January 4, 2019; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 3, 2018
Syracuse, New York

Brenda K. Sannes
U.S. District Judge