UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEFFREY C. ARNOW and JILL A. ARNOW,

         Plaintiffs,      1:18-cv-00514 (BKS/TWD)

v.

OCWEN LLC,

         Defendant.
_____

**Appearances:**

Jeffrey C. Arnow
Jill A. Arnow
Scotia, NY 12302
*Plaintiffs, pro se*

Schuyler B. Kraus, Esq.
Hinshaw & Culbertson LLP
800 Third Avenue, 13th Floor
New York, NY 10022
*Attorney for Defendant*

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

  Plaintiffs Jeffrey and Jill Arnow commenced this action on April 30, 2018, (Dkt. No. 1), and filed an amended complaint on August 22, 2018, alleging that Defendant Ocwen Loan Servicing LLC[1] violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p, and New York General Business Law ("GBL") § 349 in connection with a judgment of foreclosure and foreclosure sale on their property, (Dkt. No. 12). Defendant subsequently filed a

---

[1] Although the amended complaint designates Defendant as "Ocwen LLC" in the caption, (Dkt. No. 12, at 1), it refers to Defendant as "Ocwen Loan Servicing, L.L.C." in the body of the pleading, (*see id.* at 3). According to Defendant, the correct name is Ocwen Loan Servicing LLC. (*See* Dkt. No. 19, at 1).

letter motion to dismiss the amended complaint, (Dkt. No. 14), which United States Magistrate Judge Thérèse Wiley Dancks recommended granting in a Report-Recommendation, (Dkt. No. 16), that the Court partly adopted on December 3, 2018, (Dkt. No. 18). In relevant part, the Court dismissed Plaintiffs' GBL § 349 claim for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine because that claim challenged the state court judgment of foreclosure, but the Court recognized that Plaintiffs' FDCPA claim was not barred to the extent that it sought "damages for injuries that were caused by Defendant's alleged involvement in arranging the foreclosure sale in violation of the bankruptcy stay, not injuries caused by the judgment of foreclosure." (*See id.* at 2–3). But the Court expressed "no opinion on whether this case will withstand a dispositive motion" and allowed Defendant to file a letter brief supplementing its letter motion. (*Id.* at 3). Defendant filed its supplemental letter brief on December 13, 2018, arguing that the remaining FDCPA claim should be dismissed for failure to state a claim. (*See* Dkt. No. 19). Plaintiffs did not file any response.

In their amended complaint, Plaintiffs claim that Defendant violated the FDCPA "by fraudulently conducting a foreclosure sale on April 18, 2018, by conspiring with the Referee to conduct the sale despite knowing that a Bankruptcy Stay was in effect and by other unlawful actions." (Dkt. No. 12, at 2). From this laconic statement and Plaintiffs' recitation of other facts, (*see id.* at 2–4), the only nonconclusive allegation that the Court can tease out is that Defendant conducted a foreclosure sale during the pendency of a bankruptcy proceeding. Further, the Court takes judicial notice of the fact that Plaintiff Jill Arnow filed a Chapter 13 bankruptcy petition on March 19, 2018 in the U.S. Bankruptcy Court for the Northern District of New York under case number 18-bk-10435, that the bankruptcy judge dismissed the case on July 16, 2018 for her failure to make plan payments, and that the case was closed on October 18, 2018. *See*

2

*Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) ("[D]ocket sheets are public records of which the court could take judicial notice."); *Schaefer v. IC Sys., Inc.*, No. 17-cv-1920, 2018 WL 3094938, at *1 n.1, 2018 U.S. Dist. LEXIS 105011, at *2 n.1 (E.D.N.Y. June 22, 2018) (taking judicial notice, in a case brought under the FLSA, of the plaintiff's bankruptcy proceeding docket sheet).

In *Simmons v. Roundup Funding, LLC*, the Second Circuit ruled that the FDCPA does not authorize suit during the pendency of bankruptcy proceedings, reasoning that "[t]here is no need to protect debtors who are already under the protection of the bankruptcy court, and there is no need to supplement the remedies afforded by bankruptcy itself." 622 F.3d 93, 96 (2d Cir. 2010). In a later case, the court explained the crucial distinction "between [FDCPA] claims brought under the earlier statute *during* the pendency of a bankruptcy proceeding and those brought *after* a discharge." *Garfield v. Ocwen Loan Servicing, LLC*, 811 F.3d 86, 90 (2d Cir. 2016). After discharge, the former debtor is no longer under the protection of the bankruptcy court; therefore, "[n]o irreconcilable conflict exists between the post-discharge remedies of the Bankruptcy Code and the FDCPA." (*Id.* at 91). The court concluded that "the Bankruptcy Code does not broadly repeal the FDCPA for purposes of FDCPA claims based on conduct that would constitute alleged violations of the discharge injunction." (*Id.*). Here, Plaintiffs claim that Defendant violated the FDCPA because it conducted a foreclosure sale during the pendency of Plaintiff Jill Arnow's bankruptcy proceeding. By its own terms, the claim is precluded under Second Circuit precedent and must be dismissed.

Accordingly, for these reasons, it is

**ORDERED** that Plaintiffs' only remaining claim—the amended complaint's first cause of action brought under the FDCPA (Dkt. No. 12)—is **DISMISSED with prejudice** for failure to state a claim; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon the parties in accordance with the Local Rules and close the case.

**IT IS SO ORDERED.**

Dated: April 5, 2019
Syracuse, New York

_____
Brenda K. Sannes
U.S. District Judge